IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES CROSBY, et al.,                      )
                                           )
        Plaintiffs,                        )
                                           )
v.                                         )   CIVIL ACTION NO. 04-0144-CG-M
                                           )
MOBILE COUNTY, et al.,                     )
                                           )
        Defendants.                        )

## ORDER

This matter is before the court on the motion of defendant, Mark Barlow for clarification

of the court's order of September 15, 2005. (Doc. 90).  In that order (Doc. 89), the court stated in

its conclusion that it was granting summary judgement in favor of defendants Tillman and

Barlow as to Gardner's claim of retaliation, denying summary judgment as to Gardner's claim of

discriminatory failure to promote, and granting summary judgment as to all other claims of

discrimination by Gardner against Tillman & Barlow.  Defendant Barlow now seeks clarification

of the order because it is unclear whether Gardner's claim against Barlow in his individual

capacity survived summary judgment.

In the order the court found that Gardner had demonstrated a prima facie case of

discriminatory failure to promote.  The court then stated the following:

> As previously discussed, defendants have proffered a legitimate-
> nondiscriminatory reason for not promoting Gardner.  The burden then shifts to
> Gardner to demonstrate that the proffered reason is merely pretext.  As discussed
> in relation to Gardner's retaliation claim, the majority of candidates that were
> promoted were rated higher than Gardner, and Gardner has not demonstrated any
> great disparity in the qualifications between himself and the white lower ranked
> officers that were promoted.  However, Gardner also asserts that there is
> substantial evidence that Tillman harbors racial animus against African-
> Americans.  Namely, Gardner alleges that he heard Tillman (1) refer to a black

male citizen as "just another dumb-ass nigger," (2) tell Gardner that "I'll get you niggers later," and (3) "joke" about placing a Confederate bumper sticker on the back of a black man's car, who rode around with that sticker on his car all day. Other officers have also heard Tillman use inappropriate language when referring to African Americans.  The court finds that Gardner has provided sufficient evidence to allow a reasonable fact finder to conclude that the proffered reasons were not the true motivation for the employer's decision.  Thus, the court finds that summary judgment is <u>not</u> due to be granted as to Gardner's claim of discriminatory failure to promote.

(Doc. 89).  It is notable that Gardner's failure to promote claim survived summary judgment because of evidence that the decision maker, Sheriff Tillman, harbors racial animus against African-Americans.  There was no evidence presented that Barlow violated Gardner's constitutional rights.  In addition, Barlow contends that he is entitled to qualified immunity. Upon review of the order and the evidence submitted, the court finds it appropriate to clarify the status of Gardner's claims against Barlow.  The court finds that summary judgment is due to be granted in favor of Barlow as to Gardner's claim of discriminatory failure to promote. Accordingly, the court finds that this court's order of September 15, 2005 should be amended.

## CONCLUSION

For the reasons stated above, defendant's motion for clarification (Doc. 90) is **GRANTED** and this court's order of September 15, 2005 (Doc. 89) is hereby **AMENDED** to state that **summary judgment is GRANTED in favor of defendant Mark Barlow as to all claims asserted by Jimmie Gardner.**  Thus, the only remaining claim in this case is Gardner's discriminatory failure to promote claim for injunctive and declaratory relief against Sheriff Tillman and the Mobile County Personnel Board.

**DONE** and **ORDERED** this 13th day of October, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

2