IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JIMMIE GARDNER,** )<br>)<br>    **Plaintiff,**  )<br>**v.**    )<br>)<br>**MOBILE COUNTY, et al.,**  )<br>)<br>    **Defendants.**  ) | **CIVIL ACTION NO. 04-0144-CG-M** |

## ORDER

This matter is before the court on the motion of defendant, Jack Tillman, to strike jury demand (Doc. 96), and plaintiff's objection thereto (Doc. 97).  Defendant, citing Wilson v. Bailey, 934 F.2d 301 (11th Cir. 1991), contends that, since only the claim for injunctive relief remains in this case, the action should no longer be triable by a jury.  However, in Wilson, the plaintiffs did not object to the district court's decision to conduct a bench trial and the Eleventh Circuit Court of Appeals therefore found that the issue was not preserved for appeal. Id. at 305, n.4. (citation omitted).  The Wilson Court added dicta stating that "section 1983 injunctive and declaratory relief is not triable by jury", citing Sullivan v. School Board, 773 F.2d 1182 (11th Cir.1985).  However, subsequent cases within this Circuit have disapproved of the holding in Sullivan that the issues were not triable by jury. See e.g. Blue Cross and Blue Shield of Alabama v. Lewis, 753 F.Supp. 345 (N.D. Ala. 1990); Mitchell v. Consolidated Freightways Corp. of Delaware, 747 F.Supp. 1446 (M.D. Fla. 1990).  The Middle District of Alabama, although not specifically referring to Sullivan or Wilson, clarified the right to jury trial in declaratory actions as follows:

1

It is well-settled law that the Seventh Amendment right to a trial by jury does not apply to suits seeking only injunctive relief. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 719, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). However, a jury trial is available on factual issues underlying a declaratory action. Guajardo v. Estelle, 580 F.2d 748, 752 (5th Cir.1978) (citing 5 J. Moore, Federal Practice P 38.29). Thus, Plaintiff's jury demand remains valid in this case.

Love v. Delta Air Lines, 179 F.Supp.2d 1313, 1326 (M.D. Ala. 2001), reversed on other grounds, 310 F.3d 1347(11th Cir. 2002). Upon review of the above case law, the court finds that plaintiff's jury demand remains valid in this case.

## CONCLUSION

For the reasons stated above, defendant's motion to strike jury demand (Doc. 96) is **DENIED**.

**DONE and ORDERED** this 24th day of October, 2005.

        /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE