IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES CROSBY, JIMMIE GARDNER, )<br>and WILLIE SMITH, )<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>)<br>MOBILE COUNTY, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-0144-CG-M |

## ORDER

This matter is before the court on the briefs submitted by plaintiff, Jimmie Gardner, and defendants regarding the effect, if any, plaintiff's failure to disclose this lawsuit in plaintiff's bankruptcy case had on the proceedings in this case. (Docs. 115, 116, 120). The court finds that Gardner's failure to disclose this lawsuit in his bankruptcy case has no effect on his claim of discriminatory failure to promote[1] because: (1) Gardner had standing to assert his claim, and (2) his claim was not part of his bankruptcy estate because it did not arise until after confirmation of Gardner's Chapter 13 plan and was not necessary to meet the terms of his confirmed Chapter 13 plan.

## BACKGROUND

During the trial of this matter, it was discovered by the parties' counsel and brought to

---

[1] The issue is moot as to Gardner's other claims because they were dismissed. (Doc. 182) (entering judgment in favor of defendants and against Gardner as to Gardner's hostile work environment and retaliation claims).

the attention of the court that plaintiff, Jimmie Gardner, had filed a Chapter 13 bankruptcy petition prior to initiating this lawsuit and had not disclosed this lawsuit as a potential asset in his bankruptcy case.  Because the trial of this matter had already begun and the parties were unsure of the legal effect the bankruptcy filing had on plaintiff's right to pursue this case, the court declined to address the issues presented by Gardner's bankruptcy at that time.  Instead, the court stated that if plaintiff received a favorable verdict, the court would order the parties to submit briefs on the bankruptcy/judicial estoppel issue.  The jury returned a verdict which found that Gardner's race was a substantial or motivating factor that prompted the denial of Gardner's promotion. (Doc. 110).  The jury also found that Gardner would have been denied a promotion to sergeant even in the absence of consideration of his race. (Doc. 110).  As such, no money damages were awarded to Gardner and judgment was entered in favor of defendants. (Doc. 111).  However, judgment in favor of defendant did not foreclose relief under 42 U.S.C.A. § 2000e-5(g)(2)(B).[2]  Because plaintiff may be entitled to some relief, the court ordered the parties to submit briefs regarding the issues presented by plaintiff's failure to disclose this lawsuit in his

---

[2] Subsection (g)(2)(B) provides the following:
(B) On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court--
    (I) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
    (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C.A. § 2000e-5(g)(2)(B).

bankruptcy case.

## DISCUSSION

Defendants assert that Gardner either lacks standing to pursue his claims or should be judicially estopped from maintaining his causes of action against defendants because he failed to disclose his claims in his bankruptcy case.

### A. Standing

In a Chapter 7 case, "the Trustee is the real party in interest and it has exclusive standing to assert any discrimination claims." See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003) (citing Wieburg v. GTE Southwest, Incorporated, 272 F.3d 302, 306 (5th Cir. 2001)); see also Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (finding that a Chapter 7 debtor lacked standing).  In a Chapter 7 case, "[o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." Parker, 365 F.3d at 1272 (citing 11 U.S.C. § 554).  Thus, if Gardner had filed for protection under Chapter 7 of the Bankruptcy Code, he would lack standing to bring suit on claims that are considered assets of his bankruptcy estate.  However, because Gardner filed for relief under Chapter 13, unless the Chapter 13 plan provides otherwise, the debtor remains in possession of all property of the estate. 11 U.S.C. §§ 1303, 1306(b).  Accordingly, Gardner is the proper party to bring this suit.

### B. Judicial Estoppel

> Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002).  The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. (quoting New Hampshire v.

> Maine, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001)).
> ...
>   The applicability of judicial estoppel largely turns on two factors. Id. First, a party's allegedly inconsistent positions must have been "made under oath in a prior proceeding." Id. (quoting Salomon Smith Barney, Inc. v. Harvey, 260 F.3d 1302, 1308 (11th Cir. 2001), cert. granted and judgment vacated, 537 U.S. 1085, 123 S. Ct. 718, 154 L. Ed. 2d 629 (2002)). Second, the "inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id. (quoting Salomon Smith Barney, Inc., 260 F.3d at 1308). "[T]hese two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." Id. at 1286.

Barger, 348 F.3d at 1293-94.   The purpose of the doctrine is to prevent parties from making a "mockery of justice by inconsistent pleadings." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002) (quoting American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp., 710 F.2d 1528, 1536 (11th Cir. 1983)).   "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence. Id. at 1286 (citing American Nat'l Bank, 710 F.2d at 1536).  The Eleventh Circuit has concluded that a debtor's failure to disclose claims can be construed as unintentional only when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Burnes, 291 F.3d at 1287 (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)).  This two prong test has consistently been used by the Eleventh Circuit to determine whether judicial estoppel applies to preclude an undisclosed lawsuit. See Id.; Barger, 348 F.3d at 1295; DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003).

As an apparent attempt to show lack of motive, Gardner argues that he has never sought a discharge of his debt, but merely a consolidation of his debt by entering into a payment plan.  It is inconceivable how such an argument could be asserted with a straight face given that

4

Gardner's confirmed plan only proposes to pay Gardner's unsecured nonpriority creditors 44% pro rata.  Under Gardner's plan, his unsecured creditors will receive, over a five year period, less than half of what they are owed.  If Gardner completes his plan, he can obtain a discharge of his debts even though 56 % of his unsecured debts will remain unpaid.  Gardner had a motive to conceal his interest in a lawsuit from the bankruptcy court.  If the undisclosed lawsuit was an asset of the estate, it could potentially increase the distribution to creditors.  In a Chapter 13 case, unless the debtor's plan already provided for 100% payment to unsecured creditors, nondisclosure would allow the debtor to recover proceeds that would otherwise have to be paid out to creditors.

It is undisputed that Gardner did not disclose this lawsuit in his bankruptcy case.[3]  However, the only claim that remains from which Gardner can obtain relief arose in 2004,[4] after Gardner's statement of financial affairs and schedules of assets were filed and after his Chapter 13 plan was confirmed by the bankruptcy court.[5]  The question then is whether Gardner's failure, after confirmation of his plan, to amend his statement of financial affairs or otherwise disclose the lawsuit in his bankruptcy case, constituted an inconsistent position made under oath in a

---

[3] Plaintiff later disclosed the lawsuit in his bankruptcy case by amending his schedules and statement of financial affairs.  However, his disclosure did not occur until after the issue of judicial estoppel was raised by defendants during the trial of this matter.  See In re Gardner, Bankr. Case No. 03-10538-MAM-13, Docs. 46 & 47 (S.D. Ala. November 29, 2005).

[4] (Doc. 74, p. 3) (Agreed Facts in Proposed Pretrial Order stating that the promotions at issue occurred on February 28, 2004, May 22, 2004, and October 9, 2004).

[5] The court notes that Gardner amended his plan three times after the initial confirmation of his Chapter 13 plan.  However, Gardner's latest amendment that did not disclose this lawsuit was confirmed in 2003, prior to his discriminatory failure to promote claim, which arose in 2004.  See In re Gardner, Bankr. Case No. 03-10538-MAM-13, Doc. 29, Third Amended Plan (Bankr. S.D. Ala. July 14, 2003).

prior proceeding.

The Eleventh Circuit addressed a similar issue in <u>Muse v. Accord Human Resources, Inc.</u>, 129 Fed. Appx. 487 (11th Cir. 2005).  In <u>Muse</u>, the debtor's Chapter 13 plan was confirmed in April 1998.  In June 2003, the debtor filed an action under the Fair Labor Standards Act to recover unpaid overtime wages allegedly owed to him from January 2000 through September 2002.  The debtor did not amend his bankruptcy schedules to list his wage claim.  The debtor received his Chapter 13 discharge in 2003 and his bankruptcy case was closed in 2004. The district court held that the debtor's wage claim, which he failed to disclose in bankruptcy, was barred by judicial estoppel because the wage claim arose while the debtor had a pending Chapter 13 case and during the existence of a confirmed Chapter 13 plan.  The Eleventh Circuit held that judicial estoppel did not apply because the wage claim arose post-confirmation and the assets of the wage claim were not necessary to meet the terms of the confirmed Chapter 13 plan.  The court held that the wage claim was not part of the bankruptcy estate and thus the debtor had no duty to disclose it. <u>Id.</u> at 488-489.

At least one court in this circuit has disagreed with <u>Muse</u>.  The United States Bankruptcy Court for the Southern District of Georgia declined to follow the unreported <u>Muse</u> and concluded instead that debtors are obligated to amend their schedules and modify their plans to increase or reduce the amount of payments in good faith until the plan is completed. <u>In re Harvey</u>, 356 B.R. 557 (Bankr. S.D. Ga.  2006).  As such, the <u>Harvey</u> court found that the debtor was judicially estopped from pursuing a claim that arose during the debtor's bankruptcy because he had intentionally failed to amend his schedules to disclose the claim after his plan was confirmed. <u>Id.</u> at 1286-1288.

6

The United States Bankruptcy Court for the Middle District of Alabama has recently disagreed with the conclusion in Harvey.  In re Baxter, 374 B.R. 292 (Bankr. M.D. Ala. 2007).  In Baxter, as in Muse and Harvey, the cause of action at issue arose during the debtor's bankruptcy but after confirmation of the debtor's Chapter 13 bankruptcy plan.  The Baxter court held that the proceeds from the debtor's lawsuit were unnecessary for execution of the current bankruptcy plan and, therefore, were not property of the bankruptcy estate. Id. at 295.  As such, the debtor had no duty to amend his schedules to include the potential claim and judicial estoppel did not apply.  However, the Baxter court found that the trustee could request a modification of the debtor's plan under 11 U.S.C. 1329(a)(1) to account for the debtor's increase in disposable income that resulted from the lawsuit. Id. at 296.   The proceeds, although not property of the estate, constituted disposable income which could be considered under 11 U.S.C. § 1325(b)(1) when determining the amount that should be applied to the debtor's unsecured debts. Id.

The court is persuaded by Muse and Baxter that, at least where additional assets are not needed for Gardner to meet the terms of his confirmed plan, any right of action that arose after confirmation is not part of the bankruptcy estate.  There has been no assertion that Gardner's claims against defendants  were needed to meet the terms of Gardner's bankruptcy plan.  Nor is there any indication that Gardner's disclosed assets and income on which his plan relied had decreased in any way since confirmation of his most recent amended plan in 2003, such that additional assets might be necessary for the completion of his plan.  Thus, Gardner's discriminatory failure to promote claim, which arose in 2004, was presumably not necessary to

7

meet the terms of his confirmed plan and Gardner had no duty to disclose it.[6]  As such, Gardner's silence concerning his newly acquired asset (his claim in this lawsuit) did not constitute an inconsistent position.  The court therefore finds that judicial estoppel does not apply to Gardner's discriminatory failure to promote claim.

## CONCLUSION

For the reasons stated above, the court finds that Jimmie Gardner's failure to disclose this lawsuit in his bankruptcy case does not affect his ability to pursue his claim of discriminatory failure to promote.

**DONE and ORDERED** this 14th day of November, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The court notes that if Gardner had filed amended statements of financial affairs or schedules of assets after his discriminatory failure to promote claim arose, but failed to disclose that claim, such filings would constitute inconsistent positions made under oath.  However, there is no evidence that any such pleadings were filed after Gardner's discriminatory failure to promote claim arose.