IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES CROSBY, JIMMIE GARDNER,** ) | |
| and **WILLIE SMITH,** ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | **CIVIL ACTION NO. 04-0144-CG-M** |
| ) | |
| ) | |
| **MOBILE COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the motion of plaintiff, Jimmie Gardner, for declaratory and injunctive relief. (Doc. 113). The court finds that plaintiff is no longer a member of the class that would benefit from the injunction sought, and because the defendant Sheriff has been replaced, there is no reason to believe that the alleged discriminatory policies are likely to recur under the present Sheriff. Therefore, the court finds that declaratory relief should be **GRANTED** but that injunctive relief is due to be **DENIED.**

## BACKGROUND

This court granted summary judgment in favor of defendants, Mark Barlow, Mobile County, and Mobile County Commission, as to all claims asserted against them. (Docs. 89, 95). This court also granted summary judgment in favor of all defendants as to claims asserted by plaintiffs, James Crosby and Willie Smith, and as to plaintiff Jimmie Gardner's claim of retaliation and hostile environment. (Doc. 89). A trial was held on Gardner's remaining claim

1

of discriminatory failure to promote. The jury returned a verdict which found that Gardner's race was a substantial or motivating factor in Sheriff Tillman's decision to deny Gardner a promotion. (Doc. 110). The jury also found that Gardner would have been denied a promotion to sergeant even in the absence of consideration of his race. (Doc. 110). As such, no money damages were awarded to Gardner and judgment was entered in favor of defendants, with the court expressly leaving open the possibility of plaintiff obtaining relief under 42 U.S.C.A. § 2000e-5(g)(2)(B). (Doc. 111). Plaintiffs appealed both the judgment entered on the jury's verdict and this court's summary judgment order. The Eleventh Circuit Court of Appeals affirmed this court's final judgment. (Doc. 137). The Eleventh Circuit also affirmed this court's grant of summary judgment as to the claims of plaintiff Smith. (Doc. 137). However, the Eleventh Circuit vacated this court's grant of summary judgment as to Crosby's and Gardner's claims of retaliation and Gardner's claim of hostile work environment. (Doc. 137). On remand, the remaining claims of Crosby and Gardner were tried separately before juries. At Gardner's trial, judgment as a matter of law was granted as to Gardner's claims against defendant Mark Barlow. (Doc. 181). The jury found in favor of defendant as to all of Gardner's remaining claims and judgment was entered accordingly. (Doc. 182). At Crosby's trial, the jury found in favor of defendants as to the claims asserted by Crosby and judgment was entered accordingly. (Doc. 200).

Plaintiff seeks declaratory and injunctive relief pursuant to § 2000e-5(g)(2)(B). Because the majority of relief sought by the motion concerned the former Sheriff, Jack Tillman, and because Tillman is no longer the Sheriff of Mobile County, the court ordered plaintiff to advise the court what portion of the relief requested in the motion is still viable or

necessary from plaintiff's perspective. (Doc. 133). Plaintiff's response acknowledges that much of the requested relief is now moot. (Doc. 134, p. 2). In fact, plaintiff states that he resigned from his position with the Mobile County Sheriff's Office. (Doc. 134, p. 1). Thus, neither plaintiff nor defendant are currently employed at the Mobile County Sheriff's Office. Plaintiff requests that the current Sheriff be substituted for Sheriff Tillman and that he and David Beaman (or the current H.R. representative) be ordered to obtain Title VII discrimination training.(Doc. 134, pp. 2-3). Plaintiff also requests that the Mobile County Sheriff's Office provide in writing to all employees "a mechanism which is designated to receive complaints of discrimination, to identify who will investigate said complaints of discrimination, and to enable employees to enforce their statutory rights pursuant to Title VII without litigation." (Doc. 134, p. 3). Defendant filed a reply which opposes any declaratory relief. (Doc. 135).

## DISCUSSION

Congress granted courts broad discretion to fashion remedies in Title VII cases. See Moseley v. Goodyear Tire Co., 612 F.2d 187, 191 (5th Cir. 1980). Plaintiff seeks relief under § 2000e-5(g)(2)(B) which provides the following:

> (B) On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court--
> (I) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C.A. § 2000e-5(g)(2)(B).  Plaintiff originally sought a variety of different declarations and injunctions against Sheriff Jack Tillman.  The remaining injunctive relief sought by plaintiff concerns policies that would affect employees of Mobile County Sheriff's Office, rather than Gardner personally.  Although this lawsuit was only brought by the named plaintiffs, and trial was held only on Gardner's claims, "[c]ourts have recognized that, in Title VII cases, 'once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief to the employee.'" Rau v. Apple-Rio Management Co., Inc., 85 F.Supp.2d 1344, 1352 (N.D. Ga. 1999) (quoting Hutchings v. United States Indus., Inc., 428 F.2d 303, 311 (5th Cir. 1970)).[1]  "Thus,

---

[1]As the Fifth Circuit explained:
When, as frequently is the case, the alleged discrimination has been practiced upon the plaintiff because he is a member of a class that is allegedly discriminated against, the court trying a Title VII suit bears a special responsibility in the public interest to resolve the employment dispute by determining the facts regardless of the individual plaintiff's position, Bowe v. Colgate-Palmolive Company, 7 Cir., 1969, 416 F.2d 711, 715, for 'whether in name or not, the suit is perforce a sort of class action for fellow employees similarly situated.' Jenkins v. United Gas Corporation, 5 Cir., 1968, 400 F.2d 28, 33. Section 706(g) of Title VII, 42 U.S.C. § 2000e-5(g), authorizes appropriate judicial relief from unlawful discriminatory practices. We have said:

'(g) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice). Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable. no order of the court shall require the admission or reinstatement of an individual as a member of a union or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled or was refused employment or

'injunctive relief may benefit individuals not party to the action, and ... classwide injunctive relief may be appropriate in an individual action.'" Id. (quoting Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1136 (11th Cir. 1984)).  However, for class wide injunctive relief, the class benefitting from the injunction must include the plaintiff. Id. (quoting Carmichael supra). To obtain declaratory relief, the plaintiff must "demonstrate a good chance of being likewise injured [by the defendant] in the future." Richardson v. Tricom Pictures & Productions, Inc., 334 F.Supp.2d 1303, 1328 (S.D. Fla. 2004) (quoting Cox v. Phelps, 43 F.3d 1345, 1348 (10th Cir. 1994)).  In addition, "before a declaratory judgment defining the rights and obligations of parties may issue, there must be some likelihood of the recurrence of the allegedly discriminatory policy, which usually occurs in situations where in name or not, the suit is perforce a sort of class action for fellow employees similarly situated. Richardson, 334

---

    advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex or national origin or in violation of section 2000e-3(a) of this title.'
    '* * * In formulating relief from such practices the courts are not limited to simply parroting the Act's prohibitions but are permitted, if not required, to 'order such affirmative action as may be appropriate.' The District Court was invested with a large measure of discretion in modeling its decree to ensure compliance with the Act, and this Court will not interfere with that discretion except for an abuse thereof. Where necessary to ensure compliance with the Act, the District Court was fully empowered to eliminate the present effects of past discrimination.'
                                           ****
    Local 53 of Int. Ass'n of Heat & Frost I. & A. Wkrs. v. Vogler, 5 Cir., 1969, 407 F.2d 1047, 1052-1053 (citations and footnotes omitted). See also Local 189, United Papermak. & Paperwork. v. United States, 5 Cir., 1969, 416 F.2d 980. Confidence, to the extent that Congress was willing to dispense it, reposes finally with the federal courts. See Platt, The Relationship Between Arbitration and Title VII of the Civil Rights Act of 1964, 3 GA.L.REV. 398, 403 (1969).

Hutchings v. U.S. Industries, Inc., 428 F.2d 303, 310 -311 (5th Cir. 1970) (footnotes omitted).

F.Supp.2d at 1327 (internal quotations omitted) (quoting Williams v. General Foods Corp., 492 F.2d 399, 406 (7th Cir. 1974)).

In the instant case, plaintiff is no longer a member of the class benefitting from the injunction.  There is also no reason to believe that the alleged discriminatory policies are likely to recur under the present Sheriff.  Plaintiff has produced no evidence to show that the current Sheriff or anyone in his Human Resources Department is ignorant of Title VII law or is likely to violate Title VII law.

## CONCLUSION

For the reasons stated above, plaintiff's motion for declaratory and injunctive relief is **GRANTED** only to the extent that the court will declare that **Jack Tillman engaged in discriminatory conduct in violation of Title VII, 42 U.S.C. § 2000e, et seq., by illegally considering race when deciding whether to promote Jimmie Gardner to the position of Sergeant.**  Plaintiff's motion is **DENIED** as to all injunctive relief sought.

**DONE and ORDERED** this 14th day of November, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE