IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES CROSBY, JIMMIE GARDNER, and WILLIE SMITH, <br><br> Plaintiffs, <br> v. <br><br> MOBILE COUNTY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 04-0144-CG-M |

## ORDER

This matter is before the court on plaintiffs' joint motion for judgment as a matter of law or, in the alternative, for new trial (Doc. 204), defendants' opposition to that motion (Doc. 205), and plaintiffs' reply (Doc. 206). The court finds that there was substantial evidence to support the juries' verdicts, that the verdicts are not against the great weight of the evidence, that the court's evidentiary rulings were not in error, and that Gardner has not met his burden of showing purposeful discrimination with regard to defendants' striking of black venirepersons who did not own their own homes. Therefore, plaintiffs' motion is due to be **DENIED**.

Plaintiffs assert that they are entitled to judgment as a matter of law because there is no evidentiary basis for an adverse verdict. The jury found that Gardner was not subjected to a hostile or abusive work environment, that he should not be awarded damages to compensate for emotional pain and mental anguish as a result of a hostile or abusive work environment, and that although Gardner engaged in a statutorily protected activity and suffered an adverse employment action, there was no causal relationship between Gardner's protected activity and his adverse employment action. (Doc. 179). At Crosby's trial, the jury found that Crosby had engaged in a

protected activity but did not suffer an adverse action when he was transferred. (Docs. 197, 198). As such, judgment was entered in favor of defendants in accordance with the jury verdicts. The court, after review of plaintiffs' motion and the evidence submitted at trial, finds that there was substantial evidence to support the juries' verdicts. Therefore, plaintiffs' motion for judgment as a matter of law is due to be denied.

Plaintiffs further contend that they should be granted a new trial because (1) the jury verdicts were against and/or contrary to the great weight of the evidence, (2) the court committed numerous erroneous evidentiary rulings which prejudiced the plaintiffs' right to a fair trial, and (3) that plaintiff Gardner was prejudiced by the removal of all blacks on his venire on the basis that they did not own their homes.

To grant a new trial on the basis that the verdicts are against the great weight of the evidence, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. United States v. Cox, 995 F.2d 1041, 1043 (11th Cir. 1993). The court finds that there was substantial evidence to support the verdicts and that it would not be a miscarriage of justice to let the verdicts stand. Thus, the court will not grant a new trial on that basis.

As to plaintiffs' claim that this court committed numerous reversible errors, this court disagrees. After a thorough review of the rulings to which plaintiffs object, the court finds they are not erroneous.

Lastly, the court finds that it was not error to allow the defendants to remove potential jurors who had not owned homes from the venire. Gardner claims that defendants' stated reasons for removing blacks was merely pretext for discrimination in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In response, defendants assert

that the two African Americans that were stricken because they did not own their homes were removed for race neutral reasons and that all of the remaining venire members were homeowners.[1]

> Courts must engage in a three-step analysis in evaluating Batson [v.Kentucky, 476 U.S. 79 (1986)] claims. First, the defendant must establish a prima facie case of discriminatory intent on the part of the prosecution. A prima facie case is constructed by a showing by a defendant that " 'he is a member of a cognizable racial group' and that the 'relevant circumstances raise an inference' that [the prosecution] has 'exercised peremptory challenges to remove from the venire members of [his] race. ' The requirement that a criminal defendant raising a Batson challenge must show commonality of race with excluded jurors was eliminated by the Supreme Court in Powers v. Ohio, 499 U.S. 400...(1991). Once a court has determined that a prima facie case of discrimination against black jurors has been established, "the burden shifts to the State to come forward with a neutral explanation for challenging black jurors."  If the State clears this hurdle, the trial court then has the responsibility to determine whether the defendant has established purposeful discrimination.

Bui v. Haley, 321 F.3d 1304, 1313 -1314 (11th Cir. 2003)(citations omitted).[2]  Assuming that Gardner has presented a prima facie case of discriminatory intent, the court finds that defendants have met their burden of coming forward with a neutral explanation for challenging the black jurors.  After a party has made a prima facie showing of discriminatory use of peremptory strikes and the opposing party has articulated a race-neutral explanation, the ultimate burden in a Batson case remains with the objecting party to show purposeful discrimination. Hernandez v. New York, 500 U.S. 352, 358, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991).  Although peremptory strikes cannot be exercised on the basis of race, the defendants' justification is not required to

---

[1] Defendants state that a third black venireperson was removed because he had filed a prior EEOC complaint.

[2] Though Bui v. Haley discusses Batson's requirements in a criminal proceeding, it is clear that this rule applies equally in the civil context.  Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614 (1991).

reach the level of a challenge for cause. United States v. David, 844 F.2d 767, 769 (11th Cir. 1988). Social or economic factors may represent mere pretexts for impermissible racial, ethnic, or sex-based discrimination, but Gardner has not demonstrated that to be the case here. There has been no argument made that defendants struck black venirepersons on the basis of their economic status or attachment to the community but allowed nonblack panelists with the same characteristics to remain. Such facts would constitute evidence of pretext. See Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, 2325, 162 L.Ed.2d 196 (2005). In fact, Gardner has presented no evidence of purposeful discrimination other than the fact that the defendants' alleged reason resulted in the removal of two black persons from the venire.[3] Thus, the court finds that Gardner is clearly not entitled to a new trial on such grounds.

## CONCLUSION

For the reasons stated above, plaintiffs' joint motion for judgment as a matter of law or, in the alternative, for new trial (Doc. 204) is **DENIED**.

**DONE** and **ORDERED** this 14th day of November, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In contrast, in Miller-El, the Court rejected the district court's finding that the government's stated race-neutral reasons were "completely credible [and] sufficient," because the record contained ample evidence of purposeful discrimination, including the sheer number of black venirepersons that were stricken, the side-by-side comparisons of stricken black venirepersons and white jurors discussed above, the prosecutor's resort to a "jury shuffle" to change the order of the venirepersons, the disparate questioning techniques employed to vet black versus nonblack venirepersons, some of which the Court characterized as "trickery," and even evidence "beyond the case at hand," including a history of discrimination practiced by prosecutors in the county where the trial was held. Id. at 2325-2339.