IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES CROSBY, JIMMIE GARDNER,** and **WILLIE SMITH,** )<br>)<br>)<br>)<br>    Plaintiffs,  )<br>v.  )<br>)<br>)<br>**MOBILE COUNTY, et al.,**  )<br>)<br>    Defendants.  )<br>) | **CIVIL ACTION NO. 04-0144-CG-M** |

## ORDER

This matter is before the court on the motion of plaintiff, Jimmie Gardner, for attorney's fees, costs, and expenses (Doc. 113), and defendants' opposition thereto (Doc. 121). For the reasons stated below, the court finds that plaintiff's motion is due to be **GRANTED IN PART**.

## BACKGROUND

This court granted summary judgment in favor of defendants, Mark Barlow, Mobile County, and Mobile County Commission, as to all claims asserted against them. (Docs. 89, 95). This court also granted summary judgment in favor of all defendants as to claims asserted by plaintiffs, James Crosby and Willie Smith, and as to plaintiff Jimmie Gardner's claim of retaliation and hostile environment. (Doc. 89). A trial was held on Gardner's remaining claim of discriminatory failure to promote. The jury returned a verdict which found that Gardner's race was a substantial or motivating factor in Sheriff Tillman's decision to deny Gardner a

1

promotion. (Doc. 110).   The jury also found that Gardner would have been denied a promotion to sergeant even in the absence of consideration of his race. (Doc. 110).  As such, no money damages were awarded to Gardner and judgment was entered in favor of defendants, with the court expressly leaving open the possibility of plaintiff obtaining relief under 42 U.S.C.A. § 2000e-5(g)(2)(B).  (Doc. 111).  Plaintiffs appealed both the judgment entered on the jury's verdict and this court's summary judgment order.  The Eleventh Circuit Court of Appeals affirmed this court's final judgment. (Doc. 137).  The Eleventh Circuit also affirmed this court's grant of summary judgment as to the claims of plaintiff Smith. (Doc. 137).  However, the Eleventh Circuit vacated this court's grant of summary judgment as to Crosby's and Gardner's claims of retaliation and Gardner's claim of hostile work environment. (Doc. 137).  On remand, the remaining claims of Crosby and Gardner were tried separately before juries.   At Gardner's trial, judgment as a matter of law was granted as to Gardner's claims against defendant Mark Barlow. (Doc. 181).  The jury found in favor of defendant as to all of Gardner's remaining claims and judgment was entered accordingly. (Doc. 182).  At Crosby's trial, the jury found in favor of defendants as to the claims asserted by Crosby and judgment was entered accordingly. (Doc. 200).  Upon motion by plaintiff, the court granted declaratory relief pursuant to § 2000e-5(g)(2)(B), but denied injunctive relief because Gardner is no longer a member of the class that would benefit from the injunction sought and because the Sheriff has been replaced and there is no reason to believe that the alleged discriminatory policies are likely to recur under the present Sheriff.  The court granted Gardner a declaration that Tillman "engaged in discriminatory conduct in violation of Title VII, 42 U.S.C. § 2000e, et seq., by illegally considering race when deciding whether to promote Jimmie Gardner to the position of Sergeant. violated Title VII by

illegally considering Jimmie Gardner's race when deciding whether to promote Jimmie Gardner to the position of Sergeant."

## DISCUSSION

Congress granted courts broad discretion to fashion remedies in Title VII cases. See Moseley v. Goodyear Tire Co., 612 F.2d 187, 191 (5th Cir. 1980). Plaintiff's motion seeks relief pursuant to 42 U.S.C. § 2000e-2(m) and requests reimbursement for 154.5 hours at an hourly rate of $250 per hour and expenses in the amount of $12,042.46. In a mixed-motive case, the court may grant attorney's fees pursuant to § 2000e-5(g)(2)(B) which provides the following:

> (B) On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court--
> (I) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C.A. § 2000e-5(g)(2)(B). The decision whether to award any fees under § 2000e-5(g)(2)(B) is "plainly a discretionary one." Sheppard v. Riverview Nursing Center, Inc., 88 F.3d 1332, 1335 (4th Cir. 1996); see also Canup v. Chipman-Union, Inc., 123 F.3d 1440, 1442 (11th Cir. 1997) ("§ 2000e-5(g)(2)(B) uses permissive language ("may grant") when discussing "attorney fees" citing Sheppard supra). When assessing whether to grant fees to the prevailing party, the Supreme Court requires that courts consider the relationship between the fees and the degree of the plaintiff's success. Farrar v. Hobby, 506 U.S. 103, 114-16, 113 S.Ct.

3

566, 574-76, 121 L.Ed.2d 494 (1992).  In this case, plaintiff achieved minimal success, since he was awarded no damages.  However, Congress, by enacting § 2000e-5(g)(2)(B), has expressly provided for the possibility of an award of attorney's fees and costs in mixed-motive cases, where only declaratory and injunctive relief is available. See Sheppard, 88 F.3d at 1335-36.  Nonetheless, proportionality concerns should be factored into the analysis. Id.  "[T]he starting point for considering fee requests under § 2000e-5(g)(2)(B) must be the degree of success obtained by the plaintiff." Canup, 123 F.3d at 1444.  The fact that no damages can be awarded in mixed motive cases does not render the availability of attorney's fees under subsection 5(g)(2)(B) meaningless.   As the Court stated in Canup:

> Some mixed-motive cases will evidence a widespread or intolerable animus on the part of a defendant; others will illustrate primarily the plaintiff's unacceptable conduct which, by definition, will have justified the action taken by the defendant. The statute allows district courts to distinguish among cases that are in reality quite different.

Id. (quoting Sheppard, 88 F.3d at 1336).

In this case, Gardner prevailed on only one of the claims asserted in this three-plaintiff case.  Gardner was not alleged to have engaged in unacceptable conduct, and the court finds that the evidence showed an intolerable animus on the part of defendant.  As such, the court finds it appropriate to award attorney's fees and costs.

Defendant contends that the attorneys fee's requested should be reduced to one third because only one of the three plaintiffs prevailed.   However, all of the fees and expenses requested appear to be connected to Gardner's claims in this case.  While some of the fees and expenses were expended in the pursuit of the claims of all three plaintiffs, the claims of the three plaintiffs are closely related in that they all involve their employment with the Mobile County

Sheriff's Office and the alleged discrimination and retaliation committed by defendants. Although not all individuals deposed actually testified at trial, the discovery conducted appears to have been reasonably sought for the prosecution of Gardner's claims.  Had Gardner been the only plaintiff in this case, the majority of the fees and expenses requested would still have been expended.  For instance, the filing fee, although expended for the pursuit of claims by all three plaintiffs, was a necessary expense of Gardner's claims, whether or not the other plaintiffs joined in the suit.  While some reduction in fees and costs may be appropriate, the court does not find that the fees and costs should be reduced by two thirds simply because there were two other plaintiffs.

Defendant contends that the fees should be reduced further because Gardner had limited success on his claims.  The court agrees.  Considering Gardner only prevailed on his discriminatory failure to promote claim and that he only obtained declaratory relief, the court finds that the total fees should be reduced considerably.  It would be impossible for plaintiffs or the court to allocate the exact amounts attributable to the one claim on which Gardner prevailed. The claims are so intertwined that such a division cannot be made.  Plaintiff, acknowledging that he only received partial success, only seeks to recover half of the fees expended in prosecuting this case.  Counsel's time records detail a total of 309 hours of attorney time.  Plaintiff seeks to be reimbursed for 154.5 hours of attorney time.   After a thorough review of the evidence in this case, the level of success obtained, and the affidavits and time records submitted by plaintiff, the court finds it appropriate to compensate plaintiff for 77.25  hours of attorney time - or 25% of the total hours expended.

The court notes that defendant has not objected to the hourly rate of $250 per hour

proposed by plaintiff. After review of the circumstances of this case and the affidavits submitted by plaintiff, the court finds the hourly rate of $250 per hour to be reasonable.

The court will award the entire amount of costs incurred in the pursuit of this case - $12,042.46. The court finds that all of the itemized costs were necessary and reasonable for the pursuit of Gardner's claim.

## CONCLUSION

For the reasons stated above, plaintiff's motion for attorney's fees, costs, and expenses (Doc. 113) is **GRANTED in part,** and Jimmie Gardner is hereby awarded attorney's fees and costs in the amount of **$31,354.96** ($19,312.50 in fees plus $12,042.46 in costs).

**DONE and ORDERED** this 5th day of December, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE